**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bob L. Hanks, ) | No. CV 05-2275-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Angela K. Andrews, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff ("Hanks") filed an initial complaint against the defendants on August 1, 2005. On December 8, 2005, this court dismissed Hank's complaint without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Hanks filed his First Amended Complaint ("Complaint") on December 30, 2005. The court reviews Hanks's Complaint to see if it complies with Rule 8's pleading requirements. In addition, because Hanks is proceeding in forma pauperis, the court is required to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides that a court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

1   is required to grant leave to amend "if a complaint can possibly be saved," but not if the
2   Complaint "lacks merit entirely." *Id.* at 1129.  A court therefore should grant leave to amend
3   if the pleading could be cured by the allegation of other facts, or if it appears at all possible
4   that the defect can be corrected. *Id.* at 1130.

5   The Court should not, however, advise the litigant how to cure the defects. This type
6   of advice "would undermine the district judges' role as impartial decisionmakers." *Pliler v.*
7   *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide
8   whether the court was required to inform litigant of deficiencies).

9   Hanks alleges thirteen causes of action, and this court will evaluate each cause of
10  action to see whether Hanks has stated a claim upon which relief can be granted.

**I.      Conversion**

11  Hanks claims that the defendants improperly removed his dental records from his
12  dentist's office and have since refused to return the originals to Hanks.  Hanks alleges that
13  this conduct amounts to conversion.  Conversion is "[a]n intentional exercise of dominion
14  or control over a chattel which so *seriously interferes* with the right of another to control it
15  that the actor may justly be required to pay the other the full value of the chattel." *Focal*
16  *Point v. U-Haul Co.*, 155 Ariz. 318, 319, 746 P.2d 488, 489 (Ariz. App. Ct. 1986) (citation
17  and quotations omitted) (emphasis in original).

18  It is unclear whether Hanks states a claim for conversion. Because the court does not
19  have the aid of the defendants' brief on this issue, the court declines at this time to determine
20  whether Hanks adequately alleges a claim for conversion.

21  **II.     Civil Conspiracy**

22  Under Arizona law, "liability for civil conspiracy requires that the two or more
23  individuals agree and thereupon accomplish an underlying tort which the alleged conspirators
24  agreed to commit." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local*
25  *No. 395 Pension Trust Fund*, 201 Ariz. 474, 498 (Ariz. 2002).   Hanks does not allege that
26  the defendants formed any type of agreement to commit an underlying tort. Alleging that all
27  of the defendants were "acting in concert" does not establish this element.

28

Because it is unclear whether Hanks can cure this pleading deficiency, Hanks's civil conspiracy cause of action is dismissed without prejudice.

**III.   Civil Conversion**

Hanks alleges that the defendants deprived him of his dental records and that this conduct amounts to civil conversion. Hanks's civil conversion claim is duplicative of his conversion count and therefore is dismissed with prejudice.

**IV.   Constructive Fraud**

An action for constructive fraud arises "[w]here a relation of trust and confidence exists between two parties so that one of them places peculiar reliance in the trustworthiness of another, the latter is under a duty to make a full and truthful disclosure of all material facts and is liable for misrepresentation or concealment." *Rhoads v. Harvey Publications*, 145 Ariz. 142, 148-49 (Ariz. Ct. App. 1984). Hanks does not allege the existence of a confidential relationship. *See In re McDonnell's Estate*, 65 Ariz. 248, 253 (Ariz. 1947) ("[A] confidential relation is a relation of parties in which one is bound to act for the benefit of the other and can take no advantage to himself from his acts relating to the interest of the other[.] [I]t is denied that mere confidence or implicit faith in another's honesty and integrity is sufficient to constitute a fiduciary or confidential relationship. So too, mere friendly relations are insufficient for this purpose."(alterations omitted) (quotations and citation omitted)).

Hanks does not and cannot allege that he had a confidential relationship with any of the defendants. Therefore, his constructive fraud claim is dismissed with prejudice.

**V.   Fraud**

Rule 9(b) of the Federal Rules of Civil Procedure provides: "All averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

To establish a fraud claim, a plaintiff must allege nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right

to rely thereon; (9) and his consequent and proximate injury. *Staheli v. Kauffman*, 122 Ariz. 380, 383 (Ariz. 1979). Hanks fails to allege facts establishing these nine elements. He does not allege that he relied on the truth of the misrepresentation or that he had a right to rely on it.

Because it is unclear whether Hanks can cure this pleading deficiency, Hanks's fraud claim is dismissed without prejudice.

## VI.   Invasion of Privacy, False Light

Hanks appears to be alleging a false light invasion of privacy claim. A false light claim occurs where one person publishes information about another person and places that person before the public in a false light. *Hart v. Seven Resorts*, 190 Ariz. 272, 280, 947 P.2d 846, 854 (Ariz. Ct. App. 1997). The false light needs to be highly offensive to a reasonable person and the person who published the information needs to have had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *Id.* Publicity means that the matter is made public by communicating to the public at large or communicating the matter to a significant number of people so that the matter must be regarded as one of public knowledge. *Id.*

Hanks does not sufficiently allege a false light invasion of privacy claim because he does not allege facts demonstrating that the defendants published his personal information to the public at large or communicated the matter to a significant number of people so as to make the matter one of public knowledge. A conclusory allegation that the defendants published Hanks's private information is insufficient.

Because it is unclear whether Hanks can cure this pleading deficiency, Hanks's false light invasion of privacy claim is dismissed without prejudice.[1]

---

[1] Hanks may have been asserting an intrusion upon seclusion claim, but because the court could not tell, it treated Hanks's invasion of privacy claim as a false light claim. However, even viewed as an intrusion upon seclusion claim, Hanks failed to state a claim. *See Id.* at 279, 947 P.2d at 853 ("One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."). Hanks has not alleged any facts establishing these elements.

- 4 -

**VII.   Intentional Infliction of Emotional Distress**

The tort of intentional infliction of emotional distress requires proof of three elements: (1) the conduct by the defendant must be "extreme" and "outrageous"; (2) the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and (3) severe emotional distress must indeed occur as a result of defendant's conduct. *Citizen Publ. Co. v. Miller*, 2005 Ariz. LEXIS 69,**7-8, 115 P.3d 107, 110 (Ariz. 2005).  "[T]he conduct alleged must be 'atrocious' and beyond all possible bounds of decency' so that an average member of the community would regard it as outrageous." *Lucchesi v. Frederic N. Stimmel, M.D., Ltd.*, 149 Ariz. 76, 78, 716 P.2d 1013, 1016 (Ariz. 1986).

Hanks's claim for intentional infliction of emotional distress falls far short of stating a claim.  First, Hanks does not allege facts establishing that he actually suffered severe emotional distress, other than conclusorily alleging such to be the case.  Second, the conduct that Hanks alleges is extreme and outrageous–the unlawful conversion of his dental records and identity documents–falls short of what Arizona cases recognize as "extreme" and "outrageous" behavior.

Because Hanks may be able to cure this pleading deficiency, Hanks's intentional infliction of emotional distress claim is dismissed without prejudice.

**VIII.   Negligent Infliction of Emotional Distress**

Hanks alleges that the unlawful conversion of his dental documents caused him to suffer emotional distress, giving rise to a claim for negligent infliction of emotional distress. Negligent infliction of emotional distress is a cause of action for a person who witnesses an injury to a closely related person or fears for his own safety because of someone else's negligent conduct. *See  Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (Ariz. 1989); *Villareal v. Dep't of Transp.*, 160 Ariz. 474, 481, 774 P.2d 213, 220 (Ariz. 1989).  While physical impact to the plaintiff is not necessary, the emotional distress must manifest itself in some physical manner. *Quinn v. Turner*, 155 Ariz. 225, 226, 745 P.2d 972, 973 (Ariz. 1987).

- 5 -

Hanks does not and cannot allege a negligent infliction of emotional distress claim. Hanks did not witness the injury of a closely related person and he did not fear for his own physical safety because of another person's negligent conduct. Moreover, Hanks does not allege that he suffered emotional distress that manifested itself in a physical way.

Under the facts of this case, Hanks cannot allege a negligent infliction of emotional distress claim. This claim is therefore dismissed with prejudice.

**IX.   Abuse of Process**

The elements of an abuse-of-process claim are: (1) a willful act in the use of judicial process (2) for an ulterior purpose not proper in the regular conduct of the proceedings. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, 92 P.3d 882, 887 (Ariz. Ct. App. 2004). Hanks fails to state a claim for abuse of process because he does not allege that any judicial process was misused. *See* Doc. # 78 at ¶ 189 ("Defendants obtained Plaintiff's sensitive information from locked safes and locked dental office without warrant for no legitimate or lawful purpose, in violation of civil standby procedures."). If the defendants did not have a warrant, they cannot have misused the judicial process.

Because other portions of Hanks's Complaint suggest that the defendants did in fact have a warrant when they searched his dentist's safe, this claim is dismissed without prejudice.

**X.   Civil Right Violation**

Hanks's sole federal cause of action is a 42 U.S.C. § 1983 claim. "To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (quotations and citations omitted). Hanks does not allege a deprivation of either a constitutional right or a federal statutory right. Furthermore, Hanks needs to allege how each defendant violated his rights. Conclusory allegations are not sufficient.

It is unclear from Hanks's Complaint which federal statutory or constitutional right he is alleging that the defendants violated. Hanks may be able to cure this pleading deficiency, and therefore Hanks's 42 U.S.C. § 1983 claim is dismissed without prejudice.

## XI. Negligence

Hanks appears to allege two negligence claims: (1) that Defendant Sheriff Arpaio negligently trained a number of his officers, and (2) that Defendant Arpaio and his officers negligently failed to arrest a number of the other defendants named in Hanks's complaint.

Hanks does not allege any facts establishing that Sheriff Arpaio negligently trained his officers. Mere conclusory allegations are insufficient to state a claim for pleading purposes.

Furthermore, public employees are immune from suit for failure to arrest a person unless they acted with gross negligence or intentionally. *See* A.R.S. § 12-820.02 ("Unless a public employee acting within the scope of the public employee's employment intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for . . . the failure to make an arrest . . . ."). Hanks does not allege any facts establishing that the public employees acted with gross negligence or intentionally.

Because it is unclear exactly what Hanks is alleging in his negligence claim, this claim is dismissed without prejudice.

## XII. Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must allege five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided at law. *Community Guardian Bank v. Hamlin*, 182 Ariz. 627, 630, 898 P.2d 1005, 1008(Ariz. Ct. App. 1995). Hanks fails to allege how the defendants were enriched by his dental records and how there is no adequate remedy at law. Therefore, Hanks's unjust enrichment claim is dismissed without prejudice.

## XIII. Tortious Interference with a Business Relationship

The elements of intentional interference with a business relationship are: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy has been damaged. *Antwerp Diamond*

*Exch. v. Better Bureau Business*, 130 Ariz. 523, 529-30, 637 P.2d 733, 739-40 (Ariz. 1981).

Hanks alleges that the defendants interfered with his doctor-patient relationship when the defendants removed Hanks's dental records and identity documents from his dentist's office. Because a dentist-patient relationship is not contractual, Hanks must be alleging that the defendants interfered with a business expectancy. Hanks's allegations fail to state a claim for two reasons. First, Hanks does not allege a business expectancy, nor can he. He does not have a business expectancy in taking his dental needs to the dentist of his choice. Second, any interference with Hanks's doctor-patient relationship is a direct result of the fact that Hanks's dentist is in the state's custody.

Hanks cannot cure this pleading deficiency. Therefore, Hanks's tortious interference with a business relationship claim is dismissed with prejudice.

## XIV. PLEADING REQUIREMENTS

Plaintiff is reminded that, if he elects to file an amended complaint, he must sufficiently allege which defendants are liable under each claim, and he must allege as to each defendant "a short and plain statement of the claim showing that the pleader is entitled to relief" as to each such defendant.

Defendants' Motion to Dismiss, Doc. # 100, which incorporates an earlier motion to dismiss, Doc. # 23, will be denied without prejudice to raising any challenge to the sufficiency of a further amended complaint, if Plaintiff files one. Defendants need not respond to a further amended complaint unless the Court approves it for service after screening pursuant to 28 U.S.C. § 1915(e)(2).

IT IS THEREFORE ORDERED that Plaintiff's claims for civil conversion (Count III), constructive fraud (Count IV), negligent infliction of emotional distress (Count VIII), and tortious interference with a business relationship (Count XIII) in Plaintiff's Amended Complaint, Doc. # 78, are dismissed with prejudice for failure to state a claim.

IT IS FURTHER ORDERED that Plaintiff's claims for civil conspiracy (Count II), fraud (Count V), invasion of privacy (Count VI), intentional infliction of emotional distress (Count VII), abuse of process (Count IX), civil rights violation (Count X), negligence (Count XI), and unjust enrichment (Count XII) in Plaintiff's Amended Complaint, Doc. # 78, are

dismissed without prejudice for failure to state a claim. Plaintiff may submit a second amended complaint by February 20, 2006.

IT IS FURTHER ORDERED that, should Plaintiff elect to file an amended complaint, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before it will be necessary for the defendants to answer.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, doc. # 100, is denied without prejudice to raising any challenge to the sufficiency of a further amended complaint, if Plaintiff files one.

IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 12(f) that the words "aka 'The Angel of Death'" in the caption following the words "Angela K. Andrews, individually," are stricken as immaterial, impertinent, and scandalous.

DATED this 30th day of January 2006.

/s/ Neil V. Wake
Neil V. Wake
United States District Judge