**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Bob L. Hanks,

Plaintiff,

vs.

Angela K. Andrews, et al.,

Defendant.

No. CV 05-2275-PHX-NVW

**ORDER**

The Court has before it Plaintiff's Second Amended Complaint. Doc. # 106.

Plaintiff ("Hanks") filed an initial Complaint against the defendants on August 1, 2005. On December 8, 2005, this Court dismissed Hanks's Complaint without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Hanks filed his First Amended Complaint on December 30, 2005. On January 30, 2006, the Court reviewed Hanks's First Amended Complaint to see if it complied with Rule 8's pleading requirements and whether it stated a claim. The Court dismissed all of Hanks's claims. The Court instructed Hanks that if he elected to amend his Complaint a second time, he needed to comply with Rule 8.

On March 21, 2006, Hanks filed his Second Amended Complaint. The Court screens Hanks's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether he complies with Rule 8 and states a claim.

**I. Analysis**

**A. Federal Rules of Civil Procedure**

The original Complaint in this action was dismissed because it did not contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief" as required by Rule 8(a) of the Federal Rules of Civil Procedure. The Court, however, granted Hanks leave to amend. The Court provided Hanks an example of a pleading which satisfies the requirements of Rule 8 and gave Hanks explicit instructions to assist him in correcting the deficiencies in his original Complaint. *See* Doc. # 71 ("In the amended complaint, Hanks must write out the rights he believes were violated, the name of the person who violated the right, exactly what the individual did or failed to do, how the action or inaction of that person is connected to the violation of Hanks's right, and what specific injury Hanks suffered because of the other person's conduct."). Hanks was warned that if he failed to comply with each of the Court's instructions, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Hanks's First Amended Complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. The Court also evaluated all of Hanks's claims to determine whether any stated a claim or whether any could possibly state a claim if Hanks alleged certain facts. The court instructed Hanks that if he elected "to file an amended complaint, he must sufficiently allege which defendants are liable under each claim, and he must allege as to each defendant 'a short and plain statement of the claim showing that the pleader is entitled to relief' as to each such defendant." Doc. # 101. Hanks was provided with another opportunity to amend his Complaint.

Hanks has amended his Complaint a second time, but it still fails to comply with the Court's instructions or the requirements of Rule 8. Hanks fails to present a short and plain statement that allows the defendants to form a responsive pleading. Hanks now presents a fifty-four page complaint, naming twenty-seven defendants and alleging nine causes of action. The Second Amended Complaint is extremely verbose and meandering. It is a jumble of factual assertions and legal conclusions that do not allow the defendants to form

a response. The Second Amended Complaint must leave the defendants wondering what each is being sued for and how it connects with elements of any basis of liability. Specifically, at the start of each claim, Hanks lists all of the defendants without alleging how each defendant's involvement with the particular claim. *See* Doc. # 106 at ¶¶ 228, 246, 262, 285, 307, 324, 348, 387, and 414 (listing the exact same defendants who acted "in concert" to harm Hanks). It is impossible for a defendant to read Hanks's Second Amended Complaint and know how to form a responsive pleading.

Moreover, Hanks attempts to allege ten causes of action in his Second Amended Complaint, but each Count merely incorporates by reference the undifferentiated mass of prior allegations in the entire complaint. By thus intermingling essentially all substantive allegations, Hanks does not comply with Rule 10(b), Fed. R. Civ. P., which states, “Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.” The Defendants are left to guess about which of the 226 paragraphs of general allegations relate to each claim for relief.

None of the counts in this Second Amended Complaint presents an intelligible picture of the nature of this lawsuit. In sum, the Complaint is vague and confusing and there is no plain or concise statement of the causes of action. This pleading would not give adequate notice to the defendants of what they must defend against. Although pro se pleadings are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Moreover, the liberal construction rule does not eliminate the Rule 8(e) requirement that "[e]ach averment of a pleading shall be simple, concise, and direct." The Court has given Hanks notice of these requirements to no avail. The Second Amended Complaint and this action will therefore be dismissed pursuant to Rule 8 and Rule 41(b).

Although the inquiry could end here, the conclusion to dismiss Hanks's Complaint is further supported by the fact that it is patently obvious that Hanks fails to state a claim for eight of his ten causes of action.

**B. 28 U.S.C. § 1915(e)(2)**

Because Hanks is proceeding in forma pauperis, the court is required to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides that a court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally “frivolous or malicious,” that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In its January 30, 2006 Order, Hanks's claims were analyzed count-by-count to determine whether any stated a claim, and Hanks was provided with the elements necessary for each claim. Despite the Court's clear instruction, eight of Hanks's claims fall far short of stating a claim.

The Court addresses each count seriatim to determine whether Hanks has stated a claim.

**1. Fraud**

On January 31, 2006, Hanks's fraud claim was dismissed for failure to allege that he relied on a false statement or that he had a right to rely on the alleged false statement. Hanks was informed that Rule 9(b) of the Federal Rules of Civil Procedure requires that claims of fraud be pled with particularity. Hanks was also informed of the elements necessary to state a claim for fraud. *See* Doc. # 101 (citing *See Staheli v. Kauffman*, 122 Ariz. 380, 383 (Ariz. 1979)).

In his Second Amended Complaint, Hanks again fails to state a claim for fraud. Hanks fails to allege specific false statements that were made by particular defendants. Rather, Hanks attempts to couch a defendant's defense to one of his allegations as a false statement. *See* Doc. # 106 at ¶ 146 ("Defendants Forshey and JoAnn Kennedy represent and claim they had Dr. Kennedy's permission to remove, transport, use and convert Plaintiff's property . . . ."). *See also Id.* at ¶ 267 ("Defendants Forshey, Sampair, and Simpson's denial of the civil conversion of Plaintiff's property was false."). These allegations do not identify false statements. The remainder of Hanks's fraud claim only includes even more general allegations. *See Id.* at ¶ 268 ("Defendants Forshey, Sampair and Simpson[] sent letters to

Plaintiff in the US Mail, (mail fraud) with false statements concerning a material fact of the conversion of the conversion of Plaintiff's Property.").

Moreover, other than conclusorily asserting such to be the case, Hanks fails to allege that any of the alleged misrepresentations proximately caused an injury. *See Id.* at ¶ 277 ("As a direct and proximate result of Defendants' unlawful, intentional, malicious, extreme and outrageous conduct and civil fraud, Plaintiff has been harmed and has suffered direct, indirect, and vicarious injuries, damages and consequential damages.").

Hanks has therefore failed adequately to allege fraud. General allegations are insufficient to satisfy Rule 9's particularity requirements.

**2. Invasion of Privacy Claims**

**a. False Light**

Hanks's false light invasion of privacy claim was dismissed because he failed to allege the elements necessary to establish such a claim. In its Order, the Court explicitly stated the elements necessary to state a claim for false light. However, despite the Court's instructions, in his Second Amended Complaint, Hanks fails to allege that any of the statements "published" were "false." Instead, Hanks appears to allege merely that he was embarrassed when some of his private information received public attention. Thus, Hanks fails to state a claim for a false light.

**b. Intrusion upon Seclusion**

Hanks attempts to allege that the defendants intruded upon his seclusion. However, Hanks only alleges conclusory paragraphs stating that he has alleged a claim for intrusion upon seclusion. Hanks does not allege any facts other than asserting that a conversion of his property has occurred. This is insufficient to state a claim for intrusion upon seclusion. Hanks was informed of the necessary elements and failed to allege sufficient facts.

**3. Intentional Infliction of Emotional Distress**

On January 31, 2006, Hanks's intentional infliction of emotional distress claim was dismissed because Hanks failed to demonstrate either (1) that he actually suffered severe emotional distress or (2) that any of the alleged misconduct constituted "extreme" or

"outrageous" behavior. *See* Doc. # 101 (citing *Citizen Publ. Co. v. Miller*, 2005 Ariz. LEXIS 69,**7-8, 115 P.3d 107, 110 (Ariz. 2005) and *Lucchesi v. Frederic N. Stimmel, M.D., Ltd.*, 149 Ariz. 76, 78, 716 P.2d 1013, 1016 (Ariz. 1986)). Despite clear instructions, Hanks only conclusorily alleges that he suffered severe emotional distress as a result of JoAnn Kennedy's alleged conversion of Hanks's documents. Moreover, Hanks does not allege facts demonstrating "extreme" or "outrageous" conduct under Arizona case law.

The January 31, 2006 Order provided the elements necessary to state a claim for intentional infliction of emotional distress, but Hanks did not allege facts establishing those elements. Hanks was also informed that conclusory allegations are insufficient.

**4. Abuse of Process**

On January 31, 2006, Hanks's abuse of process claim was dismissed because he did not allege which process was misused. In his Second Amended Complaint, Hanks alleges that twenty-six defendants abused judicial process for improper purposes. Assuming that there was some form of judicial process involved–which is not immediately clear from the Second Amended Complaint–Hanks entirely fails to allege facts demonstrating how any process was abused for an improper purpose or for an ulterior motive. While Hanks conclusorily asserts such to be the case, *see* Doc. # 106 at ¶ 357 ("Defendants had an ulterior motive or purpose exercising such perverted use of the system or abuse of process."); *Id.* at ¶ 358 ("Defendants wilfully misused legal process to accomplish an ulterior purpose for which the process was not designed or intended."), conclusory allegations are insufficient.

Hanks therefore fails to state claim for abuse of process. Hanks has been instructed twice before that conclusory allegations are insufficient.

**5. Section 1983 Claim**

Hanks's sole federal cause of action is a 42 U.S.C. § 1983 claim. "To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (quotations and citations omitted). On January 30, 2006, Hanks was informed that in order to state a section

1983 claim, Hanks needed to allege a deprivation of a constitutional or federal right. Hanks was further informed that conclusory allegations are insufficient.

However, despite the Court's instruction, Hanks does not cite a constitutional provision or federal statute which the defendants allegedly violated. Hanks's only reference to a federal right is in ¶ 373, in which Hanks alleges that "Defendants Forshey and JoAnn Kennedy's acts in concert resulted in the State actor Defendant's deprivation of Plaintiff's constitutional rights or federal statutory right as claimed above." There is no mention of the particular constitutional provision or federal statutory right which was allegedly violated. Elsewhere in his Complaint, Hanks alleges that the defendants' conduct violated his rights under the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment. However, Hanks does not allege facts explaining how any of the defendants violated these constitutional provisions.

Hanks fails to allege facts stating a Section 1983 claim. Hanks was explicitly informed what he had to allege in order to state a Section 1983 claim and he failed to do so. Just listing constitutional provisions does not adequately state a claim.

**6. Negligence**

Hanks appears to be alleging that Maricopa County and Arpaio negligently trained their officers. However, again, Hanks does not allege any facts substantiating such an allegation. Hanks just reiterates his earlier arguments–that the defendants, all twenty-six of them, improperly took his property from his dentist's safe. This is insufficient to state a claim of negligence.

**7. Unjust Enrichment**

On January 31, 2006, Hanks's unjust enrichment claim was dismissed because of his failure to allege (1) how the defendants were enriched by his dental records and (2) how there is no adequate remedy at law. Hanks still fails to allege why there is no adequate remedy at law. As to this element, Hanks alleges that "[b]ecause Defendants . . . refuse[d] to cause the criminal arrest of the Defendants and their associates who acted in conspiracy to steal Plaintiff's property, Plaintiff has no remedy provide[d] at law for recovery of his property."

Doc. # 106, at ¶ 420. The fact that the defendants were not criminally prosecuted is irrelevant to whether Hanks has a remedy at law. Hanks has therefore failed to state a claim for unjust enrichment.

**IX. Dismissal with Prejudice**

The only claims for which it is not patently clear that Hanks cannot state a claim are his conversion and conspiracy claims. However, as discussed above, those claims are presented in a manner which makes it impossible for a defendant to formulate a responsive pleading. Hanks has twice been informed by the Court that he needs to allege each defendant's participation in a particular claim. Yet Hanks has failed on both occasions to follow the Court's instruction regarding this requirement. Instead, Hanks provides conclusory allegations without identifying individual defendants' actions. There is little to support the conclusion that if Hanks were provided with a third opportunity to amend his Complaint, he would do so in a manner so as to comply with the Federal Rules of Civil Procedure. The question, then, is whether the Second Amended Complaint and this action should be dismissed pursuant to Rule 8 and Rule 41(b). *See also* 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court can dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Before dismissing a case, however, the court must weigh the following five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988); *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

The public's interest in expeditious resolution of cases "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal. The Court has expended extensive time on this case to attend to matters that parties are supposed to comply with without intervention of the

court, to no avail. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). This district has one of the highest caseloads per judge in the country, and the burden of this kind of persistent pleading violation is substantial. The prejudice to the defendants is obvious. Defendants are entitled to ascertain what they are charged with and the legal sufficiency of those charges. People may not be haled into federal court and forced into battles with shadows. Thus, the third factor also weighs in favor of dismissal.

The fourth factor–the policy favoring disposition on the merits–is attenuated here. The Second Amended Complaint, like its predecessors, has an air of abuse and harassment. Indeed, with each amended complaint Hanks adds new defendants. The list of defendants has grown to 27–nine more defendants than named in Hanks's First Amended Complaint. The fact that Hanks disregards the proper procedures despite repeated guidance from the Court makes it look like the burdens the process imposes on others may be a principal end in itself.

The fourth factor–the availability of lesser sanctions–does not cut against dismissal. Hanks has been given three chances and two warnings in the clearest terms of what is required, yet he persists in his non-compliance with the Rules and with the Court's previous orders. This has been more than enough opportunity comply with the Rules if there were a good faith intention to comply. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

Finally, parties, especially parties appearing before the court *pro se*, generally receive a specific warning about the possibility of dismissal before having the ultimate sanction imposed. *See, e.g., Carey v. King*, 856 F.2d 1436, 1441 (9th Cir. 1988); *Malone*, 833 F.2d

at 133; *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987). In this case, Hanks was warned in the Order entered December 8, 2005, Doc. # 71, p. 5-6, that dismissal with prejudice would be the consequence of a further failure to comply with the Rules and with that Order.

The Court having weighed the appropriate considerations, the Second Amended Complaint and this action will be dismissed with prejudice pursuant to Rule 8 and Rule 41(b), Fed. R. Civ. P. *See also* 18 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that Plaintiff's Second Amended Complaint, Doc. # 106, is dismissed with prejudice. The Clerk shall note dismissal under 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that the clerk shall enter judgment dismissing this action with prejudice. The clerk shall terminate this action.

DATED this 15th day of May 2006.

Neil V. Wake
United States District Judge